**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| F.A., Petitioner, v. ERIC H. HOLDER JR., Attorney General, Respondent. | No. 10-72448 Agency No. A077-009-091 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2014[**]
Pasadena, California

Before: FERNANDEZ, GRABER, and MURGUIA, Circuit Judges.

Petitioner F.A., a native and citizen of Jordan, petitions for review of an order issued by the Board of Immigration Appeals ("BIA") denying as untimely his motion to reopen deportation proceedings. We previously denied Petitioner's application for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), in which Petitioner alleged persecution because of his involvement in the Jordanian peace movement. On November 3, 2009, Petitioner untimely moved to reopen, arguing changed country conditions with respect to him because his family in Jordan had learned that he was in a homosexual relationship in the United States. Reviewing for abuse of discretion the BIA's denial of a motion to reopen, He v. Gonzales, 501 F.3d 1128, 1130 (9th Cir. 2007), we deny the petition for review.

The BIA did not abuse its discretion in holding that Petitioner failed to establish "prima facie eligibility for the relief sought [in his] . . . motion to reopen." Mendez-Gutierrez v. Ashcroft, 340 F.3d 865, 869–70 (9th Cir. 2003). The BIA permissibly took judicial notice, 8 C.F.R. § 1003.1(d)(3)(iv), of the 2009 U.S. State Department Report on Jordan, which stated that homosexuality was not illegal in Jordan, contrary to Petitioner's arguments and the country condition information that he provided, which dated from 1995 to 2004. The BIA permissibly concluded that the State Department Report showed, at most, societal discrimination against homosexuals and that Petitioner failed to show practices amounting to persecution of homosexuals or to torture with the acquiescence of the government. See Wakkary v. Holder, 558 F.3d 1049, 1061 (9th Cir. 2009) (persecution by private individuals is grounds for relief only when it is "sufficiently widespread and the

2

government is unable or unwilling to control those actors"); <u>Bromfield v. Mukasey</u>, 543 F.3d 1071, 1079 (9th Cir. 2008) (government acquiescence to torture is necessary to sustain a CAT claim).[1]

The BIA therefore did not abuse its discretion in holding that Petitioner failed to meet his "heavy burden" to show cause for a motion to reopen. <u>INS v. Doherty</u>, 502 U.S. 314, 323 (1992); <u>INS v. Abudu</u>, 485 U.S. 94, 109–10 (1988).

**DENIED.**

---

[1] Petitioner has waived any argument that the BIA failed to give him an opportunity to respond to the 2009 State Department report.